2. APPEAL AND ERROR (§ 123*)—DECISIONS REVIEWABLE—MODE OF RENDITION—
    FORMAL JUDGMENT—NECESSITY.
        No judgment having been entered on a ruling sustaining a demurrer to
    defendant's counterclaim, the ruling cannot be reviewed.
        [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 875; Dec.
    Dig. § 123.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Moritz L. Ernst and another, doing business as M. L. & C. Ernst, against Henry Rathgeber. From a judgment for plaintiffs, defendant appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Tierney & Conlon (Frank I. Tierney, of counsel), for appellant.

Ernst, Lowenstein & Cane (Bernard M. L. Ernst, of counsel), for respondents.

PER CURIAM. The defendant herein became a tenant of plaintiffs under a written lease, and entered into possession in February, 1908, for the purpose of conducting a restaurant business. The action is for rent for the month of May, 1908. The pleadings are in writing, and defendant alleges that plaintiffs were guilty of fraud in concealing from him the fact, known to them, that the condition of the flues of said premises were such that it was impossible to do the cooking necessary in the business, that the premises could not be used for the purposes for which they were rented, and that defendant abandoned and surrendered the same before May 1, 1908. The court directed a verdict for plaintiffs. Defendant appeals.

A large amount of testimony was introduced, and the untenantable condition of the premises, for the purpose of a restaurant, seems to be clearly established. From a reading of the evidence we are of the opinion that questions of fact were raised which should have been submitted to the jury, and that it was error to direct a verdict for plaintiffs. The appeal also undertakes to call up for review the sustaining of a demurrer to the counterclaim set up by defendant. No judgment ever having been entered on this demurrer, the decision of the lower court thereon cannot be the subject of review here.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event.

---

LOVE et al. v. GLOBE HAT MFG. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

NEGLIGENCE (§ 134*)—ACTIONS—SUFFICIENCY OF EVIDENCE.
        In an action for damages through dye in defendant's vats leaking
    through the floor on plaintiffs' stock of goods, and through the flooding of
    plaintiffs' floor and stock by water entering through a hole cut in the roof
    by defendant's order, evidence held to establish a prima facie case for
    plaintiffs.
        [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 267; Dec. Dig.
    § 134.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Samuel Love and others against the Globe Hat Manufacturing Company. Judgment for defendant, and plaintiffs appeal. Reversed, and new trial ordered.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Thomas P. Hall, for appellants.

Samuel Rosenberg, for respondent.

RICH, J. The plaintiffs conduct a hat manufacturing business on the fifth floor of a building on Greene street. The defendant is a domestic corporation, occupying the sixth floor of the same building with its business of renovating old hats and making new hats from old ones. In its business it uses large vats containing dyes. The plaintiffs brought this action to recover damages claimed to have been sustained, first, in consequence of the dye in the vats leaking through the floor upon plaintiffs' stock of goods; and, second, through the flooding of their floor and stock by water entering the building during a storm, through a hole cut in the roof by defendant's order.

Upon the trial the plaintiffs, to sustain their cause of action based upon the leaking of the dye, proved the character of defendant's business, the respective location of the vats and of their stock, the use of dyes in its business, which had on several occasions overflowed the sides of the cement flooring in the vat room, and found its way through places in the ceiling of plaintiffs' place of business, causing damage for which plaintiffs had presented bills to the defendant. It also appeared that one Bregman, a carpenter, had been employed in defendant's place of business, under the immediate supervision of defendant's foreman, Russ, and the general supervision of one Goldman, whose relation to the defendant is not clearly shown. The carpenter testifies that he was the "boss." On the day that the work was completed Goldman directed Russ and the carpenter, Bregman, to cut a hole in the roof, through which steam could escape, after which he left the room. Bregman, on reaching the roof and discovering indications of an approaching rainstorm, called the attention of the foreman, Russ, to that fact, and suggested that the cutting of a hole be postponed, to which Russ replied that it was not raining, that it was none of his business, and directed him to "go ahead and do it." Bregman then cut a hole in the roof, 2 feet by 12 inches, shortly after which it commenced to rain, and plaintiffs' place of business and stock were flooded and damaged. The trial court dismissed the complaint at the close of plaintiffs' evidence upon the ground that the evidence was not sufficient to establish the liability of defendant.

I think the plaintiffs established a prima facie case, both as to the damages sustained by reason of the leakage of the dye and those sustained by reason of the flooding of their place of business, and that the exception to the ruling of the trial court dismissing the complaint presents reversible error.

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event. All concur.